WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evonne Jones,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-22-00313-PHX-JAT<br><br>**ORDER** |

The Ninth Circuit Court of Appeals remanded this case for further proceedings. (Doc. 22-1). Thereafter, this Court remanded this case to the Social Security Administration for further proceedings. (Doc. 24). Now pending before the Court is the parties' stipulation for an award of attorney's fees to Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 23).

> "A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).

Here, the totality of the parties' discussion regarding Plaintiff's entitlement to fees under the EAJA is: "This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees and does not constitute an admission of liability on the part of

1  Defendant under the EAJA or otherwise." (Doc. 23 at 2).

2  As stated above, this Court remanded this case to the social security administration for further proceedings. (Doc. 24). Accordingly, the Court finds that Plaintiff is the prevailing party.

Regarding prong two of the test for fees, the Ninth Circuit Court of Appeals has explained:

> Pursuant to the EAJA, we are required to award [Plaintiff] fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
>
> The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

*Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).

The Government's failure to oppose fees, but simultaneously tell the Court that the Court may not construe the stipulation as a concession that the Government owes fees, is an ambiguous legal position. Nonetheless, by failing to oppose fees, the Court finds the Government has failed to carry its burden to prove that its position was substantially justified or that special circumstances make an award unjust. *Russell*, 930 F.2d at 1445; *see also Michele M.*, 2020 WL 5203375, at *1.

Finally, the Court notes that the fees charged in the billing statement are larger than the fees stipulated-to by the parties. (*See* Doc. 23-2). The Court finds the rate charged and the hours expended to be reasonable, and the lesser amount stipulated-to by the parties to also be reasonable.

Based on the foregoing,

**IT IS ORDERED** granting the stipulation (Doc. 23) such that fees in the amount of $14,603.81 as authorized by 28 U.S.C. § 2412, and costs in the amount of $0 as authorized by 28 U.S.C. § 1920, are awarded to Plaintiff subject to the terms of the

Stipulation.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney pursuant to the assignment executed by Plaintiff (*see* Doc. 23-3). However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.[1]

Dated this 5th day of November, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] This award is without prejudice to Plaintiff seeking attorneys' fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.